IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JULIA DE LA FUENTE § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 1:22-cv-942 |
| § | |
| KINDERCARE EDUCATION LLC, § | |
| KINDERCARE CORPORATION; § | |
| KINDERCARE EDUCATION AT § | |
| WORK, LLC, and KINDERCARE § | |
| LEARNING CENTERS, LLC, § | |
| § | |
| Defendants. § | |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants KinderCare Education, LLC ("KCE") and KinderCare Education at Work, LLC ("KCEW"), and KinderCare Learning Centers, LLC ("KCLC") (collectively "Defendants") file this Joint Notice of Removal. In support, Defendants respectfully offer this Court the following facts, arguments, and legal authorities:

### COMPLIANCE WITH 28 U.S.C. § 1446(a)

1. Pursuant to 28 U.S.C. § 1446(a), Defendants include the following index of matters being filed with this Notice of Removal:

**Exhibit 1:** The state court docket sheet

**Exhibit 2:** Plaintiff's Original Petition (8/18/22)

**Exhibit 3:** KCE Return of Service (served 8/30/22)

**Exhibit 4:** KCEW Return of Service (served 8/30/22)

1

| | |
|---|---|
| **Exhibit 5:** | KCLC Return of Service (served 8/30/22) |
| **Exhibit 6:** | KCLC, KCEW, and KCE's Original Answer to Plaintiff's Petition (9/15/22) |
| **Exhibit 7:** | Secretary of State Business Organizations Inquiry for KinderCare Corporation |
| **Exhibit 8:** | Franchise Tax Account Status for KinderCare Corporation |

## PARTIES

1. Plaintiff is a Texas citizen, and no properly joined defendant is a Texas citizen. Complete diversity of citizenship has existed between Plaintiff and all proper Defendants from the time Plaintiff filed the underlying state court action on August 18, 2022 until now.

**A.   Plaintiff**

2. Plaintiff Julia De La Fuente was and is a resident of Austin, Travis County, Texas. Ex. 2, Petition ¶ 2.1. Plaintiff's residence allegation is *prima facie* evidence of Texas citizenship for diversity purposes. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima face proof of his domicile.").

**B.   Defendants**

3. Defendant KinderCare Learning Centers LLC ("KCLC") is a Delaware limited liability company. Its sole member is KU Education LLC ("KUE"), a Delaware limited liability company. KUE's sole member is Defendant KinderCare Education LLC

("KCE"), a Delaware limited liability company. KCE's sole member is Knowledge Schools LLC ("KS"), a Delaware limited liability company. KS's sole member is KinderCare Education Holdings LLC ("KCEH"), a Delaware limited liability company. KCEH's sole member is KUEHG Corp. ("KUEHG"), a Delaware corporation with its principal place of business in Oregon. Defendant KCLC is, therefore, a citizen of Delaware and Oregon. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 28 U.S.C. § 1332(c)(1).

4. As discussed in the preceding paragraph, Defendant KCE's sole member is KS, whose sole member is KCEH, whose sole member is KUEHG. KCE is, therefore, a citizen of Delaware and Oregon. *Harvey*, 542 F.3d at 1080; 28 U.S.C. § 1332(c)(1).

5. KinderCare Education at Work, LLC ("KCEW") is a California Limited Liability Company. Its Sole Member is KCE, which, as discussed in the preceding paragraph, is a citizen of Delaware and Oregon. KCEW is, therefore, a citizen of Delaware and Oregon.

6. At one time, KinderCare Corporation was a Texas corporation but has since forfeited its taxable entity status. *See* Exs. 7 & 8. There is no corporate relationship between it and KCE, KCEW, or KCLC. Therefore, as discussed in detail below, Plaintiff improperly joined KinderCare Corporation to this lawsuit by Plaintiff. Tex. Tax Code § 171.252(1); Tex. Bus. Orgs. Code § 11.356(a)(1); *see also* "Improper Joinder of Non-Diverse Defendant" section below.

## STATE COURT ACTION

7. Defendants remove the state court action styled *Julia De La Fuente v. KinderCare Education, LLC, et al.*; Cause No. D-1-GN-22-003796; In the 126th Judicial District Court of Travis County, Texas. In this lawsuit, Plaintiff alleges damages arising out of personal injuries resulting from a trip and fall that occurred on September 6, 2021 at a day care facility in Austin, Texas. Ex. 2, Petition. Plaintiff also sued KinderCare Corporation, *see id.* ¶ 2.3, an improper defendant that has no corporate relationship with defendants KCE, KCEW, or KCLC.

8. Against Defendants, Plaintiff alleges negligence claims under a premises liability theory. *Id.* ¶ 10. Plaintiff seeks damages for medical expenses, pain and suffering, physical impairment, mental anguish, disfigurement, lost wages, and loss of earning capacity allegedly incurred by Julia De La Fuente. *Id.* ¶¶ 7.1(a)-(l).

## REMOVAL PURSUANT TO DIVERSITY OF CITIZENSHIP

9. Defendants remove this action pursuant to 28 U.S.C. § 1441(a). This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) and (a)(2) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ."

**A.     Amount in Controversy**

10. "Plaintiff hereby states that she is seeking monetary of over $250,000 dollars, but not more than one million dollars ($1,000,000.00) . . . ." Ex. 2, Petition ¶ 3.1.

B.  **Diversity of Citizenship**

11. Plaintiff is a citizen of Texas. No proper defendant is a Texas citizen. KCLC is a Delaware limited liability company whose members are all Delaware and/or Oregon citizens. KCE is also a Delaware limited liability company whose members are all Delaware and/or Oregon citizens. KCEW is a California Limited Liability Company whose members are all Delaware and/or Oregon citizens. Given the complete diversity of citizenship, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1) and (a)(2), and removal is proper under 28 U.S.C. § 1441(a).

## IMPROPER JOINDER OF NON-DIVERSE DEFENDANT

**A. The Court must disregard the citizenship of KinderCare Corporation, an improperly joined defendant.**

12. "When assessing whether diversity jurisdiction exists, a court must disregard the non-diverse citizenship of an improperly joined defendant." *Scarbrough v. JPMorgan Chase Bank, N.A.*, No. 4:21-CV-3760, 2022 WL 2373725, at *2 (S.D. Tex. June 2, 2022) (quoting *Petroleum Helicopters, Inc. v. Apical Indus., Inc.*, No. 13-CV-15, 2013 WL 2297066, at *3 (W.D. La. May 23, 2013)), *report and recommendation adopted*, 2022 WL 2359645 (June 30, 2022) (Rosenthal, C.J.).

13. To establish improper joinder, a removing party must demonstrate either (1) actual fraud in the pleading of jurisdictional facts or (2) plaintiff's inability to establish a cause of action against the non-diverse defendants in state court. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). Here, Defendants remove based on the second test: Plaintiffs

5

cannot establish a cause of action against Kindercare Corporation, the non-diverse defendant.

14. In applying the second test, the Court may conduct a Rule 12(b)(6)-type analysis, looking solely at the allegations in plaintiff's state court petition. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). For purposes of an improper joinder analysis, the *Twombly* plausibility pleading standard (rather than the lower, Texas state "fair notice" pleading standard) applies. *Int'l Energy Ventures Mgmt. L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 200-02 (5th Cir. 2016); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

15. The removing party need not demonstrate an absence of any possibility of recovery in state court; it must demonstrate only that there is no reasonable basis for predicting the plaintiff will recover in state court. *Gray v. Beverly Enterprises-Mississippi, Inc.,* 390 F.3d 400, 405 (5th Cir. 2004). In other words, "there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis in original). When deciding whether the plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the state court petition. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 1999). If the allegations against a non-diverse defendant in the petition could not survive a Rule 12(b)(6) challenge, there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the non-diverse defendant. *Davidson v. Georgia-Pacific, L.L.C.,* 819 F.3d 758, 765 (5th Cir. 2016).

**B.     Plaintiff improperly joined KinderCare Corporation because Plaintiff cannot establish a cause of action against KinderCare Corporation.**

16.     KinderCare Corporation filed its articles of incorporation in 1995 and forfeited its taxable entity status in 1999. Ex. 7 at 3; Ex. 8.

17.     In Texas, if a corporation forfeits its corporate privileges, it no longer has the right to sue or defend in court.  Tex. Tax Code § 171.252(1).  Under Texas Business Organizations Code § 11.356(a)(1), a taxable entity will continue in existence for only <u>three years</u> for the purpose of prosecuting or defending itself in an action brought by or against that entity.  "Essentially, the tax forfeiture statue and the three-year limited survival statute together act to extinguish all claims by or against a taxable entity unless an action or proceeding is brought within three years of the forfeiture." *Zeitler v. CNH America, LLC*, NO. 6:18-CV-508-RWS-KNM, 2019 WL 3806073, at *3 (E.D. Tex. April 2, 2019) (citing *Construtodo, S.A. De C.V. v. Conficasa Holdings, Inc.*, No. CIV.A. H-12-3026, 2014 WL 427114, at *3 (S.D. Tex. Jan. 31, 2014)).

18.     Because KinderCare Corporation forfeited its taxable entity status over 20 years prior to this suit in 1999, KinderCare Corporation was not a proper defendant when this suit was filed (and is not a proper defendant now). *See, e.g., Scarbrough v. JPMorgan Chase Bank, N.A.*, No. 4:21-CV-3760, 2022 WL 2373725, at *4 (S.D. Tex. June 2, 2022), *report and recommendation adopted*, 2022 WL 2359645 (June 30, 2022) (improperly joined defendant corporation forfeited its charter and certificate of registration under Tex. Tax Code § 171.309, so the plaintiff's claims brought after three years from the forfeiture date were extinguished); *Graves v. Decca Consulting, Inc.*, No. 20-CV-21, 2020 WL

7

10317466, at *2 (W.D. Tex. June 11, 2020), *report and recommendation adopted*, 2021 WL 2792983 (Feb. 12, 2021) (same); *Zeitler*, 2019 WL 3806073 at *3-4 (same).

19. KinderCare Corporation is the only non-diverse (but improperly joined) defendant. Because there is no reasonable basis for a district court to predict that Plaintiff might be able to recover against KinderCare Corporation, it was improperly joined in this action.

## PROCEDURAL REQUIREMENTS OF REMOVAL

### A. Timeliness

20. This Notice of Removal has been timely filed because thirty days have not elapsed since Defendants were served with the lawsuit on August 30, 2022. Exs. 3–5; *cf.* 28 U.S.C. § 1446(b)(1).

21. Additionally, this case is being removed within one year of the commencement of the action, as required under 28 U.S.C. § 1446(c)(1).

### B. Venue

22. Plaintiff brought this action in the 126th Judicial District Court of Travis County, Texas—located within the Western District of Texas, Austin Division. 28 U.S.C. § 124(d)(1). Accordingly, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### C. Compliance with Notice Requirements

23. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of the filing of this Notice to Plaintiff, and will promptly file a copy of the Notice of Removal with the clerk for the 126th Judicial District Court of Travis County, Texas.

### D. Filing Fee

24. A filing fee of $402 was tendered to the Clerk of the United States District Court for the Western District of Texas, Austin Division.

### E. Consent to Removal

25. The consent requirement only applies to "properly joined and served defendants." 28 U.S.C. § 1446(b)(2)(A); *see also Rico v. Flores*, 481 F3d 234, 239 (5th Cir. 2007) (consent of an improperly-joined defendant is not required); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("application of this [consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."). KCE, KCLC, and KCEW are not required to obtain consent from Defendant KinderCare Corporation—for the reasons set forth in the "Improper Joinder of Non-Diverse Defendant" section above, Plaintiffs improperly joined KinderCare Corporation.

### F. Other Filings

26. Pursuant to Federal Rule of Civil Procedure 7.1, Defendants will file a corporate disclosure statement separately.

### G. Jury Demand

27. The parties previously demanded a jury trial in state court. Ex. 2, Petition ¶ 8.1; Ex. 6, Defendants' Answer ¶ 14. *Cf.* Fed. R. Civ. P. 81(c)(3)(A).

### H. Request for Leave to Amend

28. In the event this Court subsequently identifies a defect in this Notice of Removal, Defendants respectfully request the Court grant Defendants leave to amend this

Notice and cure the defect. *See, e.g., Silva v. Degs Wind I, LLC*, No. CV 1:13-247, 2015 WL 12743775, at *2-3 (S.D. Tex. Jan. 29, 2015); *Cross v. Bank of New York Mellon*, No. CV H-20-1322, 2020 WL 5535976, at *3-4 (S.D. Tex. Sept. 15, 2020) (defendants entitled to amend to correct jurisdictional allegations when notice of removal alleged incorrect basis for a party's citizenship); *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979) (amendment of removal petition permitted to correct jurisdictional allegations in removal petition that did not specifically allege the citizenship of the parties); *Bailon v. Landstar Ranger, Inc.*, 3:16-CV-1022-L, 2016 WL 6565950, at *4 (N.D. Tex. Nov. 3, 2016) (citing *In re Allstate Ins. Co.*, 8 F.3d 219, 221 & n.4 (5th Cir. 1993)) (procedural defects may be cured by the filing of an amended notice of removal); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011) (explaining "defendants may freely amend the notice of removal required by section 1446(b)."); *Strauss v. Am. Home Prods. Corp.*, 208 F. Supp. 2d 711, 717 (S.D. Tex. 2002) ("Baxter seeks only to remedy a technical defect in its Notice of Removal by clarifying the facts that underlie its prior allegation of diversity jurisdiction."); *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 922 (W.D. Tex. 2005) (permitting the defendants to amend their notice of removal to specify the citizenship of all parties to the state action).

## CONCLUSION

Based on the foregoing, Defendants remove this case to this Court. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S. Mopac Expy, Suite A400
Austin, Texas 78746
Telephone: (512) 472-0288
Fax: (512) 472-9280

*/s/ Ben Zinnecker*
Ben Zinnecker
State Bar No. 24066504
bzinnecker@germer-austin.com
*Attorneys for Defendants*
*KinderCare Education, LLC, KinderCare Education at Work, LLC, and KinderCare Learning Centers, LLC*

## CERTIFICATE OF SERVICE

On the 16th day of September, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the following counsel of record electronically and/or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Eric Cuellar
RAMOS JAMES LAW, PLLC
P.O. Box 164171
Austin, Texas 78716
attorneyericcuellar@gmail.com
*Attorneys for Plaintiff*

*/s/ Ben Zinnecker*
Ben Zinnecker