8/18/2022 10:21 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-003796
Jessica A. Limon

D-1-GN-22-003796

CAUSE NO. _____

| | | |
|---|---|---|
| **JULIA DE LA FUENTE** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **KINDERCARE EDUCATION LLC,** | § | |
| **KINDERCARE CORPORATION,** | § | |
| **KINDERCARE EDUCATION AT** | § | |
| **WORK LLC, AND KINDERCARE** | § | 126TH, DISTRICT COURT |
| **LEARNING CENTERS LLC,** | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Julia De La Fuente (hereinafter "Plaintiff"), and files this Plaintiff's Original Petition and Jury Demand against Defendants KinderCare Education LLC, KinderCare Corporation, KinderCare Education at Work LLC., and KinderCare Learning Centers LLC., (hereinafter known as "Defendants"), and for cause of action would show the following unto the Court:

### I. DISCOVERY CONTROL PLAN LEVEL

1.1    This case will proceed under a Level III Discovery Control Plan.

### II.    PARTIES AND SERVICE

2.1    Plaintiff Julia De La Fuente is an individual who resided in Austin, Texas at the time of the events which form the basis of this lawsuit.

2.2    Defendant KinderCare Education LLC. ("Defendant") is a corporation duly authorized to do business in the State of Texas.  Said Defendant may be served with process by serving its

Plaintiff's Original Petition

Page 1 of 7

**EXHIBIT**

**2**

registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas. ***<u>Plaintiff requests issuance of a citation to Defendant KinderCare Education, LLC, at this time and to be emailed to</u>*** *<u>attorneyericcuellar@gmail.com</u>*

2.3     Defendant KinderCare Corporation ("Defendant") is a corporation duly authorized to do business in the State of Texas.  Said Defendant may be served with process by serving its registered agent for service, Van Dung Phan at 1035 Dairy Ashford, Suite 234, Houston, Texas 77079. ***<u>Plaintiff requests issuance of a citation to Defendant KinderCare Corporation, at this time and to be emailed to</u>*** <u>*attorneyericcuellar@gmail.com*</u>

2.4     Defendant KinderCare Education at Work LLC ("Defendant") is a corporation duly authorized to do business in the State of Texas.  Said Defendant may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas. ***<u>Plaintiff requests issuance of a citation to Defendant KinderCare Corporation, at this time and to be emailed to</u>*** *<u>attorneyericcuellar@gmail.com</u>*

2.5     Defendant KinderCare Learning Center, LLC., ("Defendant") is a corporation duly authorized to do business in the State of Texas.  Said Defendant may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas. ***<u>Plaintiff requests issuance of a citation to Defendant KinderCare Corporation, at this time and to be emailed to</u>*** *<u>attorneyericcuellar@gmail.com</u>*

### III. JURISDICTION AND VENUE

Plaintiff's Original Petition

3.1     The Court has jurisdiction over this cause of action because damages are within the jurisdictional limits of the court.  As a general matter, Plaintiff's counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Plaintiff in this case will not be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages. The jury will also be reminded of the value that we as free Americans place on human life and our right to be free from pain and suffering and to pursue happiness however we see fit. Despite all of the foregoing, and despite the many objections lodged by both the defense bar and the plaintiff bar, the rules now provide that Plaintiffs must state how much money they are seeking in a giving lawsuit. Therefore, due to the rules put in place in 2013, and pursuant to Tex. R. Civ. Pro. 47(c)(5), Plaintiff hereby states that she is seeking monetary of over $250,000 dollars, but not more than one million dollars ($1,000,000.00) including damages of any kind including penalties, costs, expenses, pre-judgment interest, and attorney fees.

## IV. FACTS

4.1     The subject matter of this suit is a trip and fall incident that occurred at Defendant KinderCare Education, LLC premises located at "South Congress KinderCare", 6434 S Congress Avenue, Austin, Texas 78745 (the "Premises"). Defendant was a possessor of the subject premises at the time of this incident. On or about September 6, 2021, Defendant's floor consisted of a "sticky liquid substance" and was not removed by one of the Defendants' agents, employees, representatives, or independent contractors at one of the entrances located on the Premises. At the time of the incident, Plaintiff was an invitee. Defendant knew or should have known of the danger. As Plaintiff was exiting the Premises, exercising reasonable care while doing so, Plaintiff's slipped due to the wet and sticky

floor. As a result of the condition of the floor, Plaintiff fell and sustained severe and permanent injuries. Defendant and its agents, employees, representatives or independent contractors had made no efforts to reduce or eliminate the unreasonably dangerous condition, nor did they warn Plaintiff about the wet floor.

4.2     The injuries and damages suffered by the Plaintiff and that made the basis of this action arose out of an unreasonably dangerous condition existing on property owned, controlled, and/or maintained by Defendants.

4.3     Defendants knew or should have known of the unreasonably dangerous condition and failed to exercise ordinary care by not adequately warning of the condition or making the condition reasonably safe.

## V. CAUSES OF ACTION & LIABILITY THEORIES

### A.  Vicarious Liability

6.1    Defendant is vicariously liable for any acts of its employee(s) and/or agents that caused or contributed to the incident under the doctrine of respondeat superior.

At all relevant times herein, all of the agents, servants, or employees of Defendants KinderCare Education LLC, KinderCare Corporation, KinderCare Education at Work LLC., and KinderCare Learning Centers LLC., who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.  Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendants and render them liable for all damages suffered by Plaintiff under the doctrine of *Respondeat Superior*. Further, at all relevant times herein, all of the agents, servants, or employees of Defendants who were in any way connected to this suit were acting within the course

and scope of their employment or official duties and in furtherance of the duties of their office or employment.  Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendants for all damages suffered by Plaintiff under the doctrine of *Respondeat Superior*.

## B.  Premises Liability

6.2     Plaintiff was an invitee of Defendants at the time of the injury.

6.3     Plaintiff was injured by a condition on the premises that posed an unreasonable risk of physical harm; Defendants knew or reasonably should have known of this danger; Defendants failed to exercise ordinary care to protect Plaintiff from the danger, by creating the unreasonably dangerous condition, failing to warn Plaintiff of the unreasonably dangerous condition, and by failing to make the condition reasonably safe. Specifically, Defendant was negligent in failing to:

   a.   Maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees on the premises;

   b.   Correct or warn of the unreasonably dangerous condition which was created by the leak;

   c.   Properly inspect the premises in question to discover the unreasonably dangerous condition created by the leak;

   d.   Maintain the necessary number of employees in the store to assist customers with spotting and avoiding leaks;

   e.   Maintaining the necessary number of employees in the store to ensure that liquids and hazards are promptly identified and eliminated from invitee walkways;

   f.   Properly train its agents, servants, and/or other employees regarding the proper manner in which to make the premises reasonably safe and its walkways free of leaks;

   g.   Failure to give adequate warning to Plaintiff of all unreasonably dangerous conditions;

h.   Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

i.   Failure to adequately supervise its employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

j.   Failure to terminate employee incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

6.4    Defendant's negligent conduct proximately caused significant injury to Plaintiff.

## VI. DAMAGES

7.1    Plaintiff would show that, as a direct and proximate result of the above-mentioned Defendants negligence, Plaintiff has suffered injuries and damages.  Plaintiff has experienced damages including, but not limited to, the following:

a.   Reasonable and necessary medical care and expenses in the past;
b.   Reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;
c.   Physical pain and suffering in the past;
d.   Physical pain and suffering that will, in reasonable probability, be suffered in the future;
e.   Physical impairment in the past;
f.   Physical impairment that will, in reasonable probability, be suffered in the future;
g.   Mental anguish in the past;
h.   Mental anguish that will, in reasonable probability, be suffered in the future;
i.   Disfigurement in the past;
j.   Disfigurement that will, in reasonable probability, be suffered in the future;
k.   Lost wages; and
l.   Loss of earning capacity in the future; out of pocket expenses.

## VII. JURY DEMAND

8.1    Plaintiff respectfully demands a right to have a trial by jury and hereby tenders the appropriate jury fee to the clerk.

Plaintiff's Original Petition

## PRAYER

9.1      WHEREFORE, Plaintiff respectfully request that the Defendant be duly cited to appear

and answer herein and that, upon final trial of this cause, that Plaintiff recovers judgments against

the Defendant for Plaintiff's damages, for costs of court, for pre- and post-judgment interest as

provided by law, and for such other further relief, both general and special, at law or in equity, to

which she may show herself justly entitled.


Respectfully submitted,

**RAMOS JAMES LAW, PLLC**

/s/ **Eric Cuellar**
**Eric Cuellar**
SBN: 24094608
P.O. Box 164171
Austin, Texas 78716
Phone: (512) 537-3369
Fax: (512) 253-4512
attorneyericcuellar@gmail.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura James on behalf of Eric Cuellar
Bar No. 24094608
attorneylaurapramos@gmail.com
Envelope ID: 67421694
Status as of 8/22/2022 5:25 PM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Giselle Erazo | | giselle@ramosjames.com | 8/18/2022 10:21:56 AM | SENT |
| Eric Cuellar | | attorneyericcuellar@gmail.com | 8/18/2022 10:21:56 AM | SENT |