Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSIN DIVISION

| | | |
|---|---|---|
| **JULIA DE LA FUENTE,** *Plaintiff*, | § § § § | |
| v. | § § | CASE NO. 1:22-cv-942 |
| **KINDERCARE EDUCATION, LLC, KINDERCARE CORPORATION KINDERCARE EDUCATION AT WORK, LLC, KINDERCARE LEARNING CENTERS, LLC, REBECCA SIMPSON, AND SPENCER PEREZ,** *Defendant*, | § § § § § § § § § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Julia De La Fuente (hereinafter "Plaintiff"), and files this Plaintiff's First Amended Complaint against Defendants KinderCare Education LLC, KinderCare Corporation, KinderCare Education at Work LLC., and KinderCare Learning Centers LLC., (hereinafter known as "Defendants"), and for cause of action would show the following unto the Court:

## I.      PARTIES AND SERVICE

2.1     Plaintiff Julia De La Fuente is an individual who resided in Austin, Texas at the time of the events which form the basis of this lawsuit.

2.2     Defendant KinderCare Education LLC. ("Defendant") is a corporation duly authorized to

do business in the State of Texas. Said Defendant may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas.

2.3     Defendant KinderCare Corporation ("Defendant") is a corporation duly authorized to do business in the State of Texas. Said Defendant may be served with process by serving its registered agent for service, Van Dung Phan at 1035 Dairy Ashford, Suite 234, Houston, Texas 77079.

2.4     Defendant KinderCare Education at Work LLC ("Defendant") is a corporation duly authorized to do business in the State of Texas. Said Defendant may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas.

2.5     Defendant KinderCare Learning Center, LLC., ("Defendant") is a corporation duly authorized to do business in the State of Texas. Said Defendant may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas.

## II. JURISDICTION AND VENUE

3.1     This matter was removed to U.S. District Court, Western District of Texas on September 26, 2022.

## I11. FACTS

4.1     The subject matter of this suit is a trip and fall incident that occurred at Defendant KinderCare Education, LLC premises located at "South Congress KinderCare", 6434 S Congress Avenue, Austin, Texas 78745 (the "Premises"). Defendant was a possessor of the subject premises at the time of this incident. On or about September 14, 2021, Defendant's floor consisted of a "sticky

liquid substance" and was not removed by one of the Defendants' agents, employees, representatives, or independent contractors at one of the entrances located on the Premises. At the time of the incident, Plaintiff was an invitee. Defendant knew or should have known of the danger. As Plaintiff was exiting the Premises, exercising reasonable care while doing so, Plaintiff's slipped due to the wet and sticky floor. As a result of the condition of the floor, Plaintiff fell and sustained severe and permanent injuries. Defendant and its agents, employees, representatives or independent contractors had made no efforts to reduce or eliminate the unreasonably dangerous condition, nor did they warn Plaintiff about the wet floor.

4.2     The injuries and damages suffered by the Plaintiff and that made the basis of this action arose out of an unreasonably dangerous condition existing on property owned, controlled, and/or maintained by Defendants.

4.3     Defendants knew or should have known of the unreasonably dangerous condition and failed to exercise ordinary care by not adequately warning of the condition or making the condition reasonably safe.

## IV. CAUSES OF ACTION & LIABILITY THEORIES

### A. Vicarious Liability

6.1     Defendant is vicariously liable for any acts of its employee(s) and/or agents that caused or contributed to the incident under the doctrine of respondeat superior.

At all relevant times herein, all of the agents, servants, or employees of Defendants KinderCare Education LLC, KinderCare Corporation, KinderCare Education at Work LLC., and KinderCare Learning Centers LLC., who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their

office or employment. Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendants and render them liable for all damages suffered by Plaintiff under the doctrine of *Respondeat Superior*. Further, at all relevant times herein, all of the agents, servants, or employees of Defendants who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendants for all damages suffered by Plaintiff under the doctrine of *Respondeat Superior*.

### B. Premises Liability

6.2     Plaintiff was an invitee of Defendants at the time of the injury.

6.3     Plaintiff was injured by a condition on the premises that posed an unreasonable risk of physical harm; Defendants knew or reasonably should have known of this danger; Defendants failed to exercise ordinary care to protect Plaintiff from the danger, by creating the unreasonably dangerous condition, failing to warn Plaintiff of the unreasonably dangerous condition, and by failing to make the condition reasonably safe. Specifically, Defendant was negligent in failing to:

    a. Maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees on the premises;

    b. Correct or warn of the unreasonably dangerous condition which was created by the leak;

    c. Properly inspect the premises in question to discover the unreasonably dangerous condition created by the leak;

    d. Maintain the necessary number of employees in the store to assist customers with spotting and avoiding leaks;

    e. Maintaining the necessary number of employees in the store to ensure that liquids and hazards are promptly identified and eliminated from invitee walkways;

Plaintiff's Original Petition

Page 4 of 7

    f.   Properly train its agents, servants, and/or other employees regarding the proper manner in which to make the premises reasonably safe and its walkways free of leaks;

    g.   Failure to give adequate warning to Plaintiff of all unreasonably dangerous conditions;

    h.   Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

    i.   Failure to adequately supervise its employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

    j.   Failure to terminate employee incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

6.4    Defendant's negligent conduct proximately caused significant injury to Plaintiff.

## V. DAMAGES

7.1    Plaintiff would show that, as a direct and proximate result of the above-mentioned Defendants negligence, Plaintiff has suffered injuries and damages. Plaintiff has experienced damages including, but not limited to, the following:

    a.   Reasonable and necessary medical care and expenses in the past;
    b.   Reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;
    c.   Physical pain and suffering in the past;
    d.   Physical pain and suffering that will, in reasonable probability, be suffered in the future;
    e.   Physical impairment in the past;
    f.   Physical impairment that will, in reasonable probability, be suffered in the future;
    g.   Mental anguish in the past;
    h.   Mental anguish that will, in reasonable probability, be suffered in the future;
    i.   Disfigurement in the past;
    j.   Disfigurement that will, in reasonable probability, be suffered in the future; and
    k.   Out of pocket expenses.

## VI. JURY DEMAND

8.1     Plaintiff has previously requested a trial by jury and a jury trial has been set for April 22, 2023.

## PRAYER

9.1     WHEREFORE, Plaintiff respectfully request that the Defendant be duly cited to appear and answer herein and that, upon final trial of this cause, that Plaintiff recovers judgments against the Defendant for Plaintiff's damages, for costs of court, for pre- and post-judgment interest as provided by law, and for such other further relief, both general and special, at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**RAMOS JAMES LAW, PLLC**

<u>/s/</u> **Eric Cuellar**
Eric Cuellar
SBN: 24094608
P.O. Box 164171
Austin, Texas 78716
Phone: (512) 537-3369
Fax: (512) 253-4512
attorneyericcuellar@gmail.com

## CERTIFICATE OF SERVICE

On the 1st day of November, 2023, I submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas in person.  I hereby certify that I have served the following counsel of record electronically and/or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Ben Zinnecker
GERMER BEAMAN & BROWN, PLLC
1501 S. MoPac Expressway,

Suite A400,
Austin, Texas 78746
dbzinnecker@germer-austin.com
Phone: (512) 472-0288
*Attorney for Defendants*